# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.                                              Docket No.: 1:11-cr-00676-RJS-3

JONATHAN RODRIGUEZ,

       Defendant.

_____/

## DEFENDANT JONATHAN RODRIGUEZ'
## SENTENCING MEMORANDUM

Comes Now, Defendant Jonathan Rodriguez and respectfully submits this Memorandum in Aid of Sentencing in advance of his sentencing pursuant to Federal Rule of Criminal Procedure 32.  Mr. Rodriguez' sentencing is scheduled for May 25, 2012.

### I. Background

Jonathan Rodriguez pled guilty to a count one of an indictment charging him with Conspiracy to Distribute and Posses with Intent to Distribute Cocaine, Heroine and Crack in violation of Title 21 U.S.C. § 846 and a forfeiture count pursuant to Title 21 U.S.C. § 853.

The Defendant was involved in a conspiracy to distribute narcotics in the Bronx area of New York with the assistance of co-defendants Ismael Canales, Nikolaos Antonakos, Javier Delarosa, Ivan Canales, Joel Beltre, Edwin Ruiz,

Michael Cotto, and Louis Medina.  The Defendant is held responsible for the distribution of 17 kilograms of cocaine, 1 kilogram of heroin and 190 grams of crack cocaine.

On July 28, 2011, the Defendant was arrested and immediately accepted responsibility for his involvement in the offense.  On August 8, 2011, he was released to the United States Probation Pre-Trial Services Office where he remained incident free until the day of his change of plea on July 27, 2012 where he was remanded to the custody of the United States Marshall's Office.  Mr. Rodriguez has maintained clear conduct while being held in pre-trial detention by the Federal Bureau of Prisons.

Mr. Rodriguez understands that he has committed a serious crime, and he takes full and complete responsibility for his conduct.  Mr. Rodriguez's letter to the United States Probation Department accepting responsibility for his conduct is set forth as follows:

> I wish to take this opportunity to apologize to this Honorable Court, the Government and all parties involved for my actions in the charged offense.  I understand the repercussions that my offense carries, and I am honestly remorseful.  Furthermore, I want to present that I accept responsibility for my involvement in this charged offense.
>
>                                               Respectfully submitted,
>
>                                               s/ Jonathan Rodriguez

## II. Summary of Family Background

Mr. Rodriguez is a native of Puerto Rico. He has lived in the United States mainland since he was 2 years old after he relocated with his Mother to the New York, Bronx area. All of Mr. Rodriguez' immediate family resides in the United States mainland with his Mother. His loved ones, extended family network, friends, associates all reside in the United States with six paternal half siblings residing in Puerto Rico. Because of his stepfather's abuse towards his Mother and the Father's lack of financial support, Mr. Rodriguez decided to drop out of school during his ninth grade year.

Notwithstanding the financially hard times he was forced to endure as a child, he still made the wise decision to return to school and complete his General Equivalency Diploma and intends on furthering his education.

## III. Mandatory Sentencing Factors of Section 3553(a)

The plea agreement binds the Mr. Rodriguez to the low end of the determined guideline range (121-151) months, it is respectfully suggested that a sentence at the low end of the guideline range would accomplish the goals of sentencing set forth in 18 U.S.C. §3553(a), based upon the nature and circumstances of Mr. Rodriguez' offense, his history and characteristics, and his immediate decision to plead guilty for his involvement in the offense.

It is well established that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under 18 U.S.C. §3553(a). *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Although the Guidelines are now merely advisory, the provisions under 18 U.S.C. §3553(a) are mandatory and contain an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing under that provision. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).

The factors set forth in 18 U.S.C. §3553(a) include: (1) the history and characteristics of the offender, (2) the nature and circumstances of the offense, and (3) the need to provide just punishment and adequate deterrence. As set forth in the Plea Agreement, the Government has agreed to seek a sentence at the low-end of the guidelines range. A reasonable application of the factors set forth in 18 U.S.C. §3553(a) supports a sentence for Mr. Rodriguez' at the low-end of the determined guideline range.

### IV. History and Characteristics of Jonathan Rodriguez

The Court is required to consider Mr. Rodriguez' entire background under 18 U.S.C. §3553(a)(1) including his criminal history, age, education, employment history, family ties, lifestyle, commitment to community, and post offense conduct to inform its evaluation of his history and characteristics. In this case, each of

these factors reveals Mr. Rodriguez to be a good Son and devoted his family, his daughter, and his siblings.

Mr. Rodriguez is 30 years old.  As previously mentioned he was born in Puerto Rico and came to the mainland United States with his mother at a very young age.  While being raised by his Mother in New York, they found themselves experiencing financial difficulties, especially after his parents separated.  After his Mother remarried his stepfather, he found himself being raised in a volatile family environment where domestic abuse was commonplace.  The abuse escalated for several years and resulted in Mr. Rodriguez's mother being hospitalized.  Mr. Rodriguez continued living under this abusive environment until he left the residence to live by himself.

Notwithstanding the violent family history that preceded Mr. Rodriguez, he is considered a loving person by his friends and family that support him during these difficult times.

For example, all the following family members and friends have provided letters of support for Mr. Rodriguez which is presented in summary format for this Honorable Court:

> Samantha Rodriguez:   I am Samantha Rodriguez. I'm ten years old.  My father Jonathan been a good dad with me. I am his only.  My dad was a man that helped everybody if he had to.

<u>Isiah Samuel Saytaba:</u> I am writing this letter to you about my dad Jonathan "Cabo" Rodriguez. Cabo means everything to me. He's been with me since I was 2. He's an aswesome dad.

<u>Jasmine Sanchez Rodriguez:</u> I have been fortunate and blessed to have known Jonathan for the last 10 years. To put it simply, to know Jon is to love him. Jonathan is God fearing and humble. He is loving and kind. He is a dutiful husband and father to both our children. My son Isiah is 9 years old. Jonathan came into our life when he was only 2 years of age. Jon took on the shared responsibility of raising my son, when his own father couldn't be bothered.

<u>Keshia Ortiz:</u> One thing I can say about Jonathan is that he is a very loving and caring. He always puts his family first. He is also a great Dad, despite his own father's absence. We do not condone his behavior in any way, but, we love and support Jonathan in every way. Jonathan is an intelligent, capable, dedicated, and personable young man.

<u>Milagros Torres:</u>  I am happy that God blessed me with a son like Jonathan. He blessed me with his kind, sensitive, gentle ways. He is a warm man with a heart of pure gold, always ready to extend his hand to anyone that needs it. He has helped me raise my younger Son, making sure that he makes the correct choices in life.

<u>John Pierre Aragon:</u>  For starters, I would like to tell you and explain to you that Jonathan is more than what the legal system thinks he is. He is a brother, a father, a close friend and an idol to me as well.

<u>Bianca Jimenez:</u>  My brother Jonathan is a great big brother. He is funny, friendly, and awesome.

<u>Steven Rodriguez:</u> Personally, I cannot believe what is occurring for me it's a bad dream. My brother for me is a paternal figure, my friend, my counselor. All my brother needs is an opportunity to follow the correct path.

<u>Jannette Alicea:</u>  He is my only brother in law and like my older brother and he is a humanitarian person, a just person, loyal, fighter, responsible and loved person by all of us.

<u>Estrella Pena:</u>  I am writing this letter on behalf of my son in law Jonathan Rodriguez.  Jonathan is like a son to me.  He is warm hearted and a caring person.

<u>Christina S. Sanchez:</u>  I am writing to you on behalf of my brother in law Jonathan Rodriguez.  First and foremost, I've known Jonathan for almost 10 years and there isn't anything bad that I can say about him.

<u>Amanda Chauan:</u>  Jonathan is my sister Samantha Father.  He is a good man with a very good heart.  Showed me a lot of love like I was his daughter to.  I love him so much and I miss him a lot.

<u>Erica Ortiz:</u> I am Erica Ortiz.  I am Jonathan's cousin.  He's not only my cousin but an older brother to me.  Jonathan was my babysitter and was definitely his little sisters keeper.

<u>Edwin Rodriguez:</u>  As a child, Jonathan spent summers with us and long weekends.  Growing up, my parents treated Jonathan like their own Son he is like a brother to me. He is warm, loving man with a big heart and smile.

<u>A. Rivera:</u> I respectfully write this letter to you on behalf of my cousin Jonathan Rodriguez in hopes that this Court will have mercy when sentencing him.  Though I know, Jonathan has made mistakes in his life, hes a good person.  He like all have made mistakes in their lives.

<u>Veronica Munoz:</u> I have known Jonathan since I was 9 years old.  Since I came to this country as a little girl, he has helped me and my mother a lot.  I remember when I started school; Jonathan would pick me up everyday and take me home.  I did not know my way around the city.  But thanks to him, I adapted a lot easier because he showed me.

<u>Katherine Negron:</u>  I am writing this letter to speak of a good hearted man. Jonathan Rodriguez. Even though things didn't work our between him and the mother of his child, he vowed to always be there and take care of his daughter.

<u>Shane Nugent:</u> My name is Shane Nugent I'm a great friend of Jonathan Rodriguez for just about 8 years.  So much of a great friend that he made me the best man of his wedding.  For the past 8 years Mr. Rodriguez has been a

great guy to me and many. Well mannered, very out spoken, always offering help and aid not to mention he was very family oriented.

Edwin Rodriguez: With upmost respect I am soliciting clemency at the time this Court imposes a sentence for my Son Jonathan Rodriguez. I request that he be sentenced to a jail close to New York, where his daughter, his adoration, his wife and the rest of his family can visit.

Osvaldo Vazquez: My name is Osvaldo Vazques and I have known the Rodriguez Torres family for over 25 years. I am writing this note to ask you to please be lenient in the sentencing of Jonathan Rodriguez. This whole situation has taken a toll on the whole family.

Tiana Tejada: My tio (uncle) Jonathan is a loving guy. He loves to be around family. Every time I go to his house and I am upset he ALWAYS cheers me up just by making me laugh and telling me how much he loves me.

*Id.* Exhibit A (Letters of Recommendation)

The broad range of individuals from the community that have supported Mr. Rodriguez shows that his involvement in this offense was an aberration on his part and not a life long event of criminal activity. Lastly, Mr. Rodriguez is respected and loved by his family. He and his family maintain an excellent loving relationship. His mother, father and siblings remain supportive of him during these troubled times.

United States District Judge Rakoff eloquently summed up the delicate balance of weighing the good with bad when weighing a man's life within the context of his history and characteristics:

> "As these examples attest, Adelson's [the Defendant's] good deeds were not performed to gain status or enhance his image. Most of them were unknown to all but a few people until the time of his sentencing. But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance. This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, "the history and characteristics of the defendant.""

*United States v. Adelson*, 441 F.Supp.2d 506, 513 -514 (S.D.N.Y., 2006)

Like the defendant in *Adelson*, Mr. Rodriguez good deeds with his family were not done to enhance his self-image. To the contrary, his commitment to his family and friends was quiet and selflessly done. This commitment speaks loudly in behalf of the good that is Mr. Rodriguez and the meaningful contributions he has and will continue to make to his family.

### V. Just Punishment and Adequate Deterrence

The careful balance between just punishment and adequate deterrence would not be served by a lengthy incarceration of Mr. Rodriguez. The United States Probation Office in the Presentence Investigation Report has determined Mr. Rodriguez' sentencing guideline range to be 121-151 months incarceration. Here, a sentence at the low end of the guideline, a sentence of 121 months, would reflect a proper balance between just punishment and adequate deterrence. Incarceration

serves the twin purpose of retribution and deterrence. Mr. Rodriguez has shown since the first day of his arrest that he had committed a grave error.

Mr. Rodriguez accepted responsibility for his conduct has realized his errors. A sentence at the low-end of the guidelines is reasonable in light of the factors set out in § 3553. A sentence of 121 months for Mr. Rodriguez, will reflect the seriousness of the offense, will promote respect for the law and will provides just punishment affording adequate deterrence for his criminal conduct, and will protect the public from further crimes of the defendant. *See* 18 U.S.C. §3553.

## VI. Conclusion

Mr. Rodriguez is truly contrite. He deeply regrets participating in the charged offense. He has learned from this experience. Mr. Rodriguez understands that he must stand accountable for his illegal conduct and accept the consequences which include serving a term of imprisonment.

Here, a sentence at the low-end of the Sentencing Guidelines range as set by the United States Probation Office is reasonable. Mr. Rodriguez respectfully asks that the Court impose a sentence at the low-end of the Sentencing Guidelines with any other conditions and fine the Court deems appropriate. Such a sentence is consistent with the factors mandated by 18 U.S.C. §3553(a).

Done this 10th May 2012

s/ Henry E. Marines  
Law Offices of Henry E. Marines  
HENRY E. MARINES, PA  
Florida Bar No.:  702722  
8501 S.W. 124 Avenue, Suite 204  
Miami, FL 33183  
(305) 412-4443 Office  
(305) 704-8217 Fax  
e-mail: hm@henrymarineslaw.com

### CERTIFICATE OF SERVICE

I hereby do certify that on May 10, 2012 I filed the foregoing document with the Clerk of Court using the CM/ECF and have mailed copies via the United States Mail to all parties that are not participants of the CM/ECF Electronic Filing System.

s/ Henry E. Marines  
Law Offices of Henry E. Marines  
HENRY E. MARINES, PA  
Florida Bar No.:  702722  
8501 S.W. 124 Avenue, Suite 204  
Miami, FL 33183  
(305) 412-4443 Office  
(305) 704-8217 Fax  
e-mail: hm@henrymarineslaw.com