UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| -v.- : | 11 Cr. 676 (RJS) |
| JONATHAN RODRIGUEZ, : | |
| Defendant. : | |

---------------------------------------------------------------x

## THE GOVERNMENT'S SENTENCING SUBMISSION

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Sarah Paul
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on May 25, 2012. The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission. The defendant's sentencing submission asks the Court to impose a sentence of 121 months' imprisonment, which is the bottom of the defendant's Guidelines' range of 121 to 151 months. The defendant faces a statutory mandatory minimum sentence of 120 months.[1] Based upon the defendant's prior criminal conduct and the scope and nature of the instant offense, the Government requests that the Court impose a sentence within the Guidelines range of 121 to 151 months' imprisonment. Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

**A.     The Indictment and The Offense Conduct**

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections

---

[1] The defense appears to be under the mistaken belief that the defendant's plea agreement precludes him from seeking a sentence outside the Guidelines range, pursuant to Title 18, United States Code, Section 3553. That is not so, although in any event, the 121-month sentence requested by the defense is only one month more than the 120-month mandatory minimum. The defense also incorrectly states that the plea agreement provides that the Government would seek a sentence at the bottom of the Guidelines range. The plea agreement contains no such representation.

846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).  The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011.  The defendant pled guilty to the charged conspiracy.

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from Ismael Canales, the defendant's co-defendant, of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including statements by Rodriguez about having "moved" drugs and "pressing" drugs; and (3) execution of search warrants for the apartments of the defendant, Canales, and two other co-defendants, Jose Medina and Javier Delarosa.  At the residences of Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Canales' residence.

Rodriguez's primary role in the conspiracy was to supply illegal drugs to several of his co-conspirators, who in turn worked as street-level drug dealers.  (PSR ¶ 21.)  In addition, Rodriguez, Canales, and Medina also supplied each other with heroin and cocaine when their other sources were unavailable; that heroin and cocaine was then resold to street level dealers.  (Id. ¶ 20.)  In total, Rodriguez was responsible for distributing approximately at least 17 kilograms of cocaine, 1 kilogram of heroin, and 190 grams of cocaine base.  (Id. ¶ 33.)

B.      The Presentence Investigation Report and Guidelines Calculation

The United States Probation Office (the "Probation Office") found that the defendant's base offense level is 34, based upon the plea agreement's stipulation that the defendant was responsible for agreeing to distribute approximately at least 17 kilograms of cocaine, 1 kilogram of heroin, and 190 grams of cocaine base.  (Id. ¶ 38.)  The Probation Office deducted three points for acceptance of responsibility and, thereby, arrived at a final offense level of 31.  (Id. ¶ 42.)  These calculations were the same as the ones the parties agreed to in the defendant's plea agreement.

The Probation Office also determined that the defendant has two criminal history points and is in Criminal History Category II.  (Id. ¶ 32.)  The Probation Office assessed the defendant with one point apiece for a conviction in 2001 for criminal possession of a controlled substance and a conviction in 2002 for unauthorized use of a motor vehicle.  The PSR also notes three other convictions for which it did not assess the defendant any criminal history points: (1) attempted criminal possession of a controlled substance in 1999; (2) criminal possession of a controlled substance in 2000; and (3) attempted criminal possession of a weapon in 2000.  (Id. ¶¶ 45, 48, 50.)  These three crimes occurred when the defendant was seventeen years old.[2]

---

[2] The plea agreement incorrectly calculated the defendant's criminal history points.  First, the agreement assessed the defendant with one point for his conviction in 2000 for criminal possession of a controlled substance.  The PSR correctly did not apply any criminal history points for this conviction, as the offense conduct occurred before the defendant's eighteenth birthday and the sentence was not imposed within five years of the defendant's commencement of the instant offense.  See USSG §§ 4A1.2(d)(2)(B), 4A1.2(e)(4).  Second, the agreement assessed the defendant with two points for his 2002 conviction for unauthorized use of a motor vehicle.  The PSR correctly assessed the defendant with only one point for this conviction.  See id. § 4A1.1(c); id. § 4A1.2, comment. (n.4) ("A sentence which specifies a fine . . . as an alternative to a term of imprisonment . . . is treated as a non-imprisonment sentence.").  As a result of these mistakes, the plea agreement incorrectly determined that the defendant was in Criminal History Category III and that the Guidelines range was 135 to 168 months.

**DISCUSSION**

A.     **Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

4

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)    to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**    **A Guidelines Range Sentence Is Appropriate**

The defendant engaged in a significant drug trafficking conspiracy, which spanned at least a year in length and involved at least 17 kilograms of cocaine, 1 kilogram of heroin, and 190 grams of cocaine base.  The defendant made repeated purchases of large quantities of illegal narcotics that he then resold to multiple street-level dealers.  While the Government is not aware of any specific acts of drug-related violence by the defendant, drug trafficking is inherently dangerous conduct.  And here, a firearm was recovered during the search of the residence of the defendant's co-defendant, Ismael Canales, to whom the defendant supplied narcotics on a regular basis.  In addition, the defendant has multiple prior criminal convictions, including several convictions for drug-related offenses, as well as a conviction for attempted possession of a weapon.  (PSR ¶ 50.)  The defense submitted a number of letters in support of the defendant that describe the defendant as a good relative and friend.  But even if the defendant has engaged in selfless good deeds for his family and friends, (Def. Mem. at 9), these types of good deeds do not offset the harm done to the public by his extensive drug trafficking activity.

In sum, the Government respectfully suggests that a Guidelines sentence is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 121 to 151 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg/Sarah Paul
Assistant United States Attorneys
Tel.: (212) 637-1085/2326